FILED
2006 Sep-15 PM 04:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **CATHY DARLENE JORDAN,** | ) | |
| **PLAINTIFF,** | ) | |
| **VS.** | ) | **2:06-cv-1335-JHH** |
| **PARNELL, INC.,** | ) | |
| **DEFENDANT.** | ) | |

## MEMORANDUM OF DECISION

The court has before it the August 2, 2006 motion (Doc. #5) to dismiss the complaint herein, together with the brief (Doc. #6) filed August 2, 2006 in support thereof.  Pursuant to the August 9, 2006 order (Doc. #7) the motion was treated as one for summary judgment coming under submission September 13, 2006.  The court has before it the brief (Doc. #9) filed September 5, 2006 by plaintiff in opposition to the motion as well as the two exhibits (Doc. #10) filed by plaintiff on September 5, 2006 also in opposition.  Finally, the court has before it the September 13, 2006 reply brief (Doc. #11) of defendant and its evidentiary material (Doc. #12) filed the same day.

The issues presented are whether plaintiff commenced this action within 90 days of receipt of the right to sue letter and whether any applicable doctrine of equitable tolling otherwise would cure a delinquent filing.

On or about March 16, 200<u>5</u> plaintiff filed a charge of discrimination with EEOC.  On March 21, 200<u>6</u> EEOC mailed to plaintiff a notice of her right to sue. On June 20, 2006 the court received from plaintiff an application for pauper status in connection with the discrimination embraced within the charge of discrimination attached thereto.  In the verified application plaintiff stated that the notice of right to sue mailed by EEOC on March 21, 2006 was received by plaintiff on March 27, 2006.  Thus, she had 90 days from March 27, 2006 within which to commence the Title VII action for sex discrimination and retaliation.

On June 26, 2006 District Judge Inge Johnson signed an order (which was entered June 28, 2006) denying the application.  <u>See</u> court order attached to plaintiff's filing (Doc. #10) of exhibits.  Judge Johnson's order was on a form utilized by the court.  The first part of the form allowed Judge Johnson to check a paragraph treating plaintiff's application as a complaint.  That paragraph explains that if that paragraph is checked by the court, an applicant has 30 days from the date of the order within which to file an amended complaint. A portion of that paragraph, set out in bold type, reads as follows:

**If this box is NOT checked, you do not have a case in this court and you must take whatever additional steps may be appropriate to protect your rights.**

Judge Johnson's June 28, 2006 order expressly denied the application and did not "check" the box referred to by the bold sentence. The order could be construed to have made the <u>following</u> concluding phrase in the court's denial of pauper status applicable to this case even the order makes it plain that the applicant is clearly told she does not have a case in this court: "the application/complaint may be dismissed without further notice if the filing fee is not paid within 30 days." Plaintiff did in fact pay the $350 filing fee with the court July 6, 2006. While she did not file her complaint (Doc. #1) until July 11, 2006, the court will therefore utilize the July 6, 2006 date as the date of filing for the purpose of this order.

The foregoing facts are undisputed.

Having received the right to sue letter on March 27, 2006, the 90th day thereafter is June 25, 2006, a Sunday so that Monday, June 26, 2006 was the last day for filing her complaint. Plaintiff's argument of equitable tolling has no merit.[1] The facts here simply do not reflect that plaintiff's failure to meet the legally-mandated deadline unavoidably arose from circumstances beyond her

---

[1] This conclusion eliminates the need for the court to evaluate the intriguing argument which the court labeled "unclean hands" based on the deposition taken in Judge Hopkins' case.

control. Her best argument for tolling, however, applies only to a seven-day period (June 20, 2006 - June 28, 2006), i.e., the time from the filing of her application for pauper status until Judge Johnson denied it in an order reflecting that she had no case pending. Assuming, without deciding, that equitable tolling applies to that seven-day period, July 4, 2006 would be the last day for filing, except that the holiday moved the last date to July 5, 2006. Assuming that plaintiff is entitled to this benefit of the doubt for the tolling of the seven-day period, her filing on July 6, 2006, the date she paid the filing fee (even though the complaint was not filed until July 11, 2006) was also outside the 90-day period.

The motion for summary judgment dismissing this action will be granted by separate order.

**DONE** this the ___15th___ day of September, 2006.

_____
James H. Hancock
SENIOR UNITED STATES DISTRICT JUDGE